UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

Joey Lamond Brunson, #1201448,

                Plaintiff,

vs.

Carlton R. Bourne, Jr.,
AUSA Charleston Division;
and Patrick R. Carroll, Jr.
U S Probation Officer,
Charleston Division,

                Defendant(s).

) C/A No. 2:07-1733-CMC-RSC
)
)
)
)
)
)
) Report and Recommendation
)
)
)
)
)
)

    Plaintiff, a federal prisoner, has filed this *Bivens* action against the Assistant United States Attorney who prosecuted him and the United States Probation Officer who prepared the pre-sentence report for the Court. Plaintiff alleges the prosecutor "used extreme tactics" and "judicial malfeascience (sic) based on race of Plaintiff to convict him...". Plaintiff also alleges evidence was withheld and documents were falsified. Plaintiff claims the probation officer "used racism and extreme prejudice to complete [the] pre-sentencing report to blatantly increase [his] sentence." In his prayer for relief the plaintiff asks the court to disbar the prosecuting attorney, and terminate the probation officer. Plaintiff also seeks damages.

    Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A,

and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Prosecutors, such as an Assistant United States Attorney, have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, grand jury

proceedings, pre-trial "motions" hearings, and ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed, supra*, 114 L.Ed.2d at 561-562 & n. 6; and *Hart v. Jefferson County*, 1995 WESTLAW® 82277 (D.Ore., February 24, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity), *amended opinion reported at* 1995 WESTLAW® 399619 (D.Ore., June 15, 1995).

Insofar as the plaintiff's subsequent conviction, court proceedings, and arrest are concerned, the complaint is subject to summary dismissal because a right of action has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey, supra*. *See also Schafer v. Moore*, 46 F.3d 43(8th Cir. 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and *Woods v. Candela*,

47 F.3d 545 (2nd Cir. 1995)(*per curium*)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied, Candela v. Woods*, 516 U.S. 808 (1995). *See also Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178 (4th Cir. 1996). *Accord Smith v. Holtz*, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); *Burnside v. Mathis*, 2004 WL 2944092 (D.S.C. 2004).

*Heck v. Humphrey* is also applicable in civil suits against federal officials and entities. *See Stephenson v. Reno*, 28 F.3d 26 (5th Cir., August 8, 1994); *Best v. Kelly*, 309 U.S.App.D.C. 51, 39 F.3d 328 (D.C.Cir., 1994); *Williams v. Hill*, 878 F. Supp. 269 (D.D.C. 1995)("Because Plaintiff has not established that the validity of his conviction or sentence has been reversed on direct appeal, expunged by executive order, or impugned by the granting of a § 2255 motion or a writ of habeas corpus under § 2241, his *Bivens* action challenging his conviction and sentence will be DISMISSED as frivolous under 28 U.S.C. § 1915(d)."), *affirmed*, 316 U.S.App.D.C. 78, 74 F.3d 1339, 1341 (D.C.Cir. 1996); and *Zolicoffer v. FBI*, 884 F. Supp. 173 (M.D.Pa. 1995).

Since the plaintiff has failed to establish that his conviction has been reversed, expunged, or otherwise declared invalid, and no federal writ of habeas corpus has been issued, this action must be dismissed for failure to state a claim.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and

without issuance and service of process. *See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

Charleston, South Carolina

Date July 16, 2007

Robert S. Carr
United States Magistrate Judge

**<u>The plaintiff's attention is directed to the important notice on the next page.</u>**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).