IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
US DC CLERK, CHARLESTON, SC

2007 SEP 18  A 9 44

| | |
|---|---|
| Joey Lamond Brunson, #1201448 ) | |
| ) | CR No 5: 04-507 |
| Plaintiff, ) | Civil Action No. 2:07-1733-SB |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Carlton R. Bourne, Jr., AUSA ) | |
| Charleston Division; Patrick R. ) | |
| Carroll, Jr., U.S. Probation Officer ) | |
| Charleston Division, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon the Magistrate Judge's recommendation that the Court dismiss the Plaintiff's complaint without prejudice and without issuance and service of process. In his complaint, the Plaintiff names as Defendants the Assistant United States Attorney ("AUSA") who prosecuted him and the United States Probation Officer who prepared the pre-sentence investigation report for the Court. The Plaintiff alleges that the AUSA "used extreme tactics" and "judicial malfeascience [sic] based on race of Plaintiff to convict him . . . ." The Plaintiff claims that the probation officer "used racism and extreme prejudice to complete [the] pre-sentencing report to blatantly increase [his] sentence." In his prayer for relief, the Plaintiff asks the Court to disbar the AUSA and terminate the probation officer.

Pursuant to the local rules of this district, this matter was referred to a United States Magistrate Judge for preliminary review. On July 16, 2007, in accordance with 28 U.S.C. § 636(b)(1)(B), the Magistrate Judge issued a report and recommendation ("R&R"), analyzing the issues and recommending that the Court dismiss the Plaintiff's complaint without prejudice and without issuance and service of process. In the R&R, the Magistrate

Judge points out that prosecutors, such as the Defendant AUSA, have absolute immunity for activities connected with judicial proceedings. Additionally, the Magistrate Judge recommends that insofar as the Plaintiff's subsequent conviction, court proceedings, and arrest are concerned, the Plaintiff's complaint is subject to summary dismissal because a right of action has not yet accrued as the Plaintiff has failed to establish that his conviction has been reversed, expunged, or otherwise declared invalid and no federal writ of habeas corpus has been issued. See Heck v. Humphrey, 512 U.S. 377 (1994).

Attached to the R&R was a notice advising the Plaintiff of his right to file specific, written objections to the R&R within ten days after receiving a copy of the report; however, instead of filing objections to the R&R, the Plaintiff filed a "motion to withdraw in abeyance without prejudice" on August 9, 2007. In his motion, the Plaintiff asks to "without prejudice withdraw complaint under current rule, until further proceedings are necessary, after the conviction is overturned, vacated or expunged."

After a review of the record, including the R&R and the Plaintiff's motion to withdraw, the Court agrees with the Magistrate Judge's recommendation. Therefore, based on the foregoing, it is

**ORDERED** that the R&R is adopted as the Order of the Court, and the Plaintiff's complaint is dismissed *without prejudice and without issuance and service of process*.

**IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

September 17, 2007
Charleston, South Carolina

2